# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
CORI RIVAS,                              *    No. 21-1683V
                                         *
            Petitioner,                  *
                                         *    Special Master Christian J. Moran
v.                                       *
                                         *    Filed: January 24, 2025
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
            Respondent.                  *
* * * * * * * * * * * * * * * * * * * * * * * *

Brian L. Cinelli, Schiffmacher Cinelli Adoff LLP, Buffalo, NY, for petitioner;
Jamica Marie Littles, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

    Petitioner, Cori Rivas, sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34. Ms. Rivas, however, has not presented sufficient evidence to be entitled to compensation. Because Ms. Rivas has not met her burden of proof, her case is DISMISSED.

### Procedural History[2]

    Petitioner alleged that the Tdap vaccine she received on August 13, 2018, and the hepatitis A and B vaccines she received on November 5, 2018, caused her to suffer from

---

    [1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

    [2] For a more thorough background of the case, see Order to Show Cause, issued Oct. 8, 2024.

hepatitis/hepatoxicity and related sequalae, and/or significantly aggravated the condition. Pet., filed Aug. 12, 2021.

Respondent filed his Rule 4(c) Report on August 22, 2022, arguing that petitioner had not put forth a medical theory to support her claim that a Tdap vaccine can cause hepatitis, nor that the hepatitis A and B vaccines can significantly aggravate the injury. Resp't's Rep. at 14. Respondent also noted that no treaters opined that the vaccines contributed to her condition, and that petitioner had not provided any evidence regarding an appropriate timeframe. Id. at 15.

The case then moved to the expert stage. Petitioner filed a report from a hepatologist, Dr. Gish. Exhibit 23. Respondent filed reports from an immunologist, Dr. MacGinnitie, and a hepatologist, Dr. Crippin. Exhibits A and C. Petitioner was advised that Dr. MacGinnitie and Dr. Crippin raised several points suggesting that she may not demonstrate that she is entitled to compensation. Order, issued Nov. 21, 2023. Petitioner remained interested in pursuing her case, and requested time to consult an immunologist and determine whether to continue. See Order, issued Dec. 21, 2023.

After she was unable to find an immunologist who could provide a supportive report, petitioner twice requested additional time to look for other counsel who may be able to find an expert. Pet'r's Mot., filed April 19, 2024 and June 20, 2024. A status conference was held on July 9, 2024. Petitioner maintained that she wanted to pursue her case and continue searching for another attorney. Petitioner also mentioned that she was consulting her treating hepatologist, Dr. Flamm, to see if he would support her claim. Petitioner was permitted to file additional evidence, and was advised that in the absence of additional evidence, an order to show cause would likely issue. A set of questions for treating doctors was included with the order following the status conference. Order, issued July 9, 2024.

On September 9, 2024, petitioner filed a letter addressed to the undersigned. Petitioner advised that she cannot afford the expense of retaining an immunologist. She stated that none of her medical treaters have consulted an immunologist to confirm her diagnosis, and noted her understanding that other claimants who were awarded compensation in the Vaccine Program have not been required to support an immunology report in support of molecular mimicry. Petitioner also stated that her current attorney was unable to assist her, but had given her a list of four other attorneys who may be able to help her find an immunologist. At the time of filing, two attorneys had responded, but stated that the limited time period was too short to find an immunologist to adequately review and respond. Exhibit 25.

With this letter, petitioner filed a letter of support from Dr. Flamm. Dr. Flamm recapped petitioner's medical history, and stated that it is "well known" that vaccination can stimulate the immune system in a patient with underlying autoimmune hepatitis or a predisposition for autoimmune hepatitis. He stated that petitioner has responded well to immunosuppressive therapy, and will remain on this therapy with azathioprine. Dr. Flamm did not answer the set of questions issued with the July 9, 2024 order. Exhibit 24.

2

Counsel for petitioner also filed a status report stating his understanding that petitioner had still not been able to find other counsel to represent her, and that counsel anticipated making a motion to withdraw "in the near future."

An Order to Show Cause issued on October 8, 2024. The order reiterated the weaknesses in petitioner's case:

> Although petitioner's treating hepatologist stated that "vaccination can exacerbate" the process of autoimmune hepatitis, he did not opine on whether it did so in petitioner's case, nor did he propose a theory of how the specific vaccines petitioner received might trigger or worsen the condition. Petitioner's expert has opined that molecular mimicry occurred within 30 minutes of vaccination, but he has not explained how this could happen.
>
> Respondent's hepatologist opined that the onset of petitioner's condition was far too rapid to be caused by molecular mimicry, and that she likely had the condition before her Tdap vaccination. Respondent's immunologist has likewise made strong points regarding the timing of the injury, the absence of identified homology between the vaccines and host epitopes, and the lack of medical literature supporting the theory. If these points go unrebutted, petitioner is unlikely to prevail on a causation-in-fact or significant aggravation claim.
>
> In short, petitioner has not carried her burden of presenting a minimally persuasive case that the Tdap and hepatitis A and B vaccines can cause and/or worsen autoimmune hepatitis.

Petitioner was directed to show cause as to why her case should not be dismissed for failure to present minimally competent evidence to advance her case by December 9, 2024.

On October 25, 2024, respondent filed additional reports from Dr. MacGinnitie and Dr. Crippin. Exhibits E and F. Both experts maintained that petitioner's condition was unrelated to her vaccinations, and stated that Dr. Flamm's letter did not change their opinions.

On November 15, 2024, petitioner's counsel filed a motion for attorney's fees and costs, and four days later, filed a motion to withdraw as counsel. Counsel was directed to file evidence that petitioner was aware of the pending motion to withdraw. Additionally, petitioner's deadline was extended to December 16, 2024 to respond to the Order to Show Cause. Order, issued Nov. 27, 2024. On December 6, counsel filed proof that he served petitioner with the motion to withdraw. Exhibit 27. To date, petitioner has not responded to the October 8, 2024 Order to Show Cause, nor has she filed for an extension of time.

## Discussion

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of her

3

vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See 42 U.S.C. § 300aa–13(a)(1)(A) and § 300aa–11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Thus, petitioner is necessarily pursuing a causation-in-fact claim. As part of a causation-in-fact claim, a petitioner must "show by preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. 42 U.S.C. § 300aa–13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. The medical opinions proffered in this case did not carry petitioner's burden.

Counsel for petitioner has done what is possible to advance the case, and additional assistance from another experienced attorney is unlikely to change the result. Proceeding pro se is not likely to benefit petitioner and would cause scarce resources to be allocated towards a claim not likely to succeed. Additionally, petitioner did not respond to the October 8, 2024 Order to Show Cause. When a petitioner (or plaintiff) fails to comply with Court orders to prosecute their cases, the Court may dismiss their case. Padmanabhan v. Sec'y of Health & Human Servs., 638 Fed. App'x 1013 (Fed. Cir. 2016); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

In sum, petitioner's responses to orders thus far have been substantively ineffective and she has not met her burden of proof. Petitioner was previously ordered to show cause, and did not respond. Consequently, petitioner's case is dismissed for failure to present evidence, not as a sanction. See Duncan v. Sec'y of Health & Hum. Servs., 153 Fed. Cl. 642 (2021) (denying motion for review of a decision for failure to present persuasive evidence).

**Accordingly, this case is dismissed for insufficient evidence. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master